## COCHRELL *v.* STATE.

### Opinion delivered April 18, 1921.

1. HOMICIDE—EVIDENCE OF PREVIOUS QUARREL.—In a prosecution of a woman for killing her husband, where she claimed to have killed him in self-defense, and she was permitted to detail her troubles with her husband and his cruel treatment and threats for a considerable period of time, it was not error to exclude the testimony of a witness concerning an altercation between defendant

and her husband several months prior to the killing; there being no evidence to connect it with the killing.

2.  CRIMINAL LAW—CROSS-EXAMINATION—NECESSITY OF OBJECTION.— Assigned error in the overruling of an objection to a question asked defendant on cross-examination is not reviewable where no exception was saved to the court's ruling.

3.  HOMICIDE—SUFFICIENCY OF EVIDENCE.—In a prosecution for murder, evidence held to sustain a conviction of murder in the second degree.

Appeal from Jefferson Circuit Court; *W. B. Sorrells,* Judge; affirmed.

*Caldwell, Triplett & Ross,* for appellant.

1.  It was error to refuse to permit Mrs. McFall to testify concerning an alleged previous difficulty or quarrel between appellant and her husband.

A trial court should not make assertions which show to the jury what the court thinks of the testimony. The jury should be the sole judge of the evidence. 51 Ark. 147.

2.  Mrs. McFall was not permitted to testify for appellant after appellant offered to show by the witness actual acts of violence committed by deceased upon appellant, and thus self-defense and justification in the killing. The testimony of Mrs. McFall showing these acts of violence by deceased would corroborate the testimony of appellant and should have gone to the jury. 51 Ark. 147.

*J. S. Utley,* Attorney General, and *Elbert Godwin,* Assistant, for appellee.

1.  Counsel for appellant never objected nor excepted to any questions or answers relative to the questions propounded to the witness by the court. 130 Ark. 111; 129 *Id.* 316.

2.  A general objection to instructions *in gross* will not be considered if any of them are good. 105 Ark. 15, 555. A general objection to instructions *en masse* is insufficient if any one of them is correct. 73 Ark. 315; 75 *Id.* 182; 76 *Id.* 41, 482; 78 *Id.* 7; 86 *Id.* 103. Errors in instructions must be specifically objected to and the er-

rors pointed out. 93 Ark. 521; 128 *Id.* 594; 2 R. C. L. 94-5.

3. The evidence substantially sustains the verdict. 135 Ark. 117; 136 *Id.* 385.

McCULLOCH, C. J. Appellant was indicted for killing her husband, Wheeler Cochrell, and on the trial of the case was convicted of murder in the second degree.

Appellant and her husband were living in a rooming house in Pine Bluff owned by appellant, and early in the morning of July 6, 1920, other persons living in the house heard pistol shots in the room occupied by appellant and her husband. There were three shots fired, according to the testimony introduced. One of the witnesses occupying a room across the hall testified that immediately after she heard the shots appellant came out into the hall and exclaimed that she had "hurt her boy." Other persons, hearing the noise, ran into the room and found Wheeler Cochrell lying on the floor groaning. A police officer, who had been telephoned for, soon came while Cochrell was still lying on the floor, and Cochrell stated in the presence of appellant that "she," pointing to appellant, "shot me full of holes for nothing." Appellant made no reply, though asked by the officer if she had anything to say. They laid Cochrell on the bed, and he expired in a few minutes thereafter. The witnesses found two pistols lying on the bed—one a 38-calibre and the other a 32-calibre. The larger pistol was full loaded and the smaller one had two unexploded cartridges in it, two exploded cartridges and one chamber was empty. Four bullet holes were found in Cochrell's body. A physician who examined the body after Cochrell's death gave his opinion that the wounds were inflicted with a 32-calibre pistol. Appellant testified in the case and admitted that she shot her husband two or three times, but claimed that she fired the shots in self-defense. She testified that her husband had been mistreating her for a considerable length of time, that he had endeavored to force her to make a will in his favor and to take out life insurance

payable to him, and threatened to kill her if she continued to refuse to do so. She stated that on the morning of the killing he renewed his efforts to induce or force her to execute the will and take out insurance and again threatened to kill her and came into the room where she was and with a drawn pistol declared he would kill her, when she fired the shots. Appellant was permitted to relate all of the details of her troubles with her husband and his cruel treatment and threats from the beginning.

The first assignment of error urged here for reversal of the judgment relates to the court's refusal to permit a Mrs. McFall to testify concerning an alleged difficulty or quarrel between appellant and her husband. The record shows that appellant's counsel asked the witness to state whether or not she had, on "an occasion some time prior to the killing," witnessed a difficulty "at night or in the morning" between appellant and her husband. The prosecuting attorney objected to the question, and the court stated to counsel that the testimony would be admitted if it could be connected with the killing or shown that it led up to the killing. The witness then stated that she could relate such an occurrence which took place "several months before the killing," and the court excluded the statement. This circumstance was too remote from the killing to be admissible as throwing any light on the tragedy, and the ruling of the court in excluding it was correct.

The next assignment of error relates to the action of the court in propounding a question to appellant on cross-examination concerning her alleged disposition of her husband's belt and trousers which he wore when shot. No exceptions were made to the ruling, and this assignment can not be considered. These are all of the assignments urged for reversal.

The evidence is sufficient to sustain the verdict, and we find no error in the proceedings. Affirmed.